UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WAYLON WILDER WYATT, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 1:19-cv-02718-STA-dkv |
| | ) |
| ANTHONY JONES; RYAN MAYS; | ) |
| MADISON COUNTY; and | ) |
| JOHN H. MEHR | ) |
| | ) |
| **Defendants.** | ) |

## ORDER GRANTING PARTIAL MOTION TO DISMISS

Before the Court is Defendants' Partial Motion to Dismiss, filed on January 21, 2020. (ECF No. 16.) Plaintiff responded in opposition on February 17, 2020, to which Defendants replied on March 2, 2020. (ECF Nos. 20, 21.) For the reasons discussed below, the Motion is **GRANTED**.

### BACKGROUND

Plaintiff's Complaint states that Ashley Wyatt, his wife, and John Black, her ex-husband, were involved in an ongoing custody dispute. (Compl. 1, ECF No. 1.) Mr. Black allegedly filed multiple "false complaints" against Mrs. Wyatt with the Jackson Police Department. (*Id.*) On October 26, 2018, Mr. Black filed a complaint with the Jackson Police Department, to which it refused to respond. (*Id.*) He then filed the same complaint with Madison County Sheriff's Office, and it dispatched a unit to meet with him. (*Id.*) Deputy Anthony Jones and Deputy Ryan Mays, the individual deputies named as Defendants in this case, responded to the complaint and spoke with Mr. Black. (*Id.* ¶ 10.) He stated that he was having issues with Mrs. Wyatt over his

ability to visit their minor child. (*Id.* ¶ 11.) Deputies reached Mrs. Wyatt by phone, obtained Plaintiff's address, and arranged to meet her there. (*Id.* ¶ 12–15.)

While in route to Plaintiff's residence, the Jackson Police Department warned the Madison County Sheriff's Office that this complaint was attendant to an ongoing custody dispute. (*Id.* ¶ 16–19.) Mrs. Wyatt had concerns that if the child were returned to Mr. Black, the child would suffer abuse. (*Id.* ¶ 18.) Further, Mr. Black was the subject of an ongoing criminal investigation, so he was not to be given custody of the minor child. (*Id.* ¶ 20.) Deputy Jones and Deputy Mays received this information before arriving at Plaintiff's house. (*Id.* ¶ 21.)

Plaintiff met the deputies in the driveway and did not invite them onto his property. (*Id.* ¶ 23.) Plaintiff alleges that the deputies responded to this by hitting him, using tasers on him, and handcuffing him. (*Id.*) Plaintiff was charged with undisclosed charges, tried, and acquitted. (*Id.* 2, ¶ 25–26.)

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

## ANALYSIS

Plaintiff filed this lawsuit on October 23, 2019, pursuant to 42 U.S.C. § 1981, 1983, and 1988, alleging Defendants violated his civil rights. In his Complaint, he alleges that the Defendant Deputies' actions violated his Fourth, Fourteenth, and Eighth Amendment rights. Further, he claims that Defendant Mehr and Defendant Madison County failed to supervised and properly train deputies on how to handle domestic disputes, in violation of his civil rights. Defendants argue in their Motion that Plaintiff's official-capacity claims against Defendant Mehr should be dismissed. They further argue that all Eight and Fourteenth Amendment claims should be dismissed. This Court will address each respective argument below.

### I.  Official Capacity Claims

Plaintiff filed suit against Defendant Sherriff John H. Mehr, in his official and individual capacities, and Defendant Madison County for violating his civil rights. Defendants argue that Defendant Mehr should only be subject to these claims in his individual capacity, as suing him in his official capacity is the same as suing the County. Because the County is being sued for the same, Defendants contend that an official-capacity claim is redundant.

Plaintiff argues, however, that under Rule 8(d) of the Federal Rules of Civil Procedure, a plaintiff is permitted to bring alternative claims, regardless of consistency. Plaintiff contends that his official-capacity claims against Defendant Mehr are merely pled in the alternative.

This Court is persuaded by Defendants' arguments. "[O]fficial-capacity suits generally represent *only another way* of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (emphasis added). "Official-capacity suits are, for all intents and purposes, treated as suits against the municipality . . . ." *Shorts v. Bartholomew*, 255 F. App'x 46, 49 n.4 (6th Cir. 2007) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)); *Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014). Thus, where the entity is named as a defendant, as it is here, an official-capacity claim is redundant. *Foster*, 573 F. App'x at 390 (citing *Faith Baptist Church v. Waterford Twp.,* 522 F. App'x 322, 327 (6th Cir. 2013) ("Having sued ... the entity for which [plaintiff] was an agent, the suit against [plaintiff] in his official capacity was superfluous.")); *cf. Shorts*, 255 F. App'x at 57–60 (6th Cir. 2007) (allowing the plaintiff to proceed with his official-capacity claim—which the Court acknowledged was actually against the County—because the plaintiff, in his "inartful pleadings" (*Id.* at 51), did not assert the same claim against the County as he did against the official).

Here, Plaintiff claims that both Defendant Mehr and Madison County violated his constitutional rights by failing to train officers on how to handle domestic disputes. Because to maintain such a claim against both the Sheriff in his official capacity and Madison County would be redundant, Plaintiff's official-capacity claims against Defendant Mehr are **DISMISSED**.

## II. Eighth Amendment Claims

Plaintiff claims that the Defendants' actions violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendants argue, however, that the Eighth Amendment is not implicated in this case. They contend that Plaintiff denies that he was ever convicted of any crime.

Plaintiff counters that the Eight Amendment is implicated but only states that Defendants failed to acknowledge the standard explained in *Stewart v. City of Memphis*. In the context of an excessive force claim, that standard is as follows:

> A plaintiff's status at the time of the police conduct determines which amendment governs the claim. The Fourth Amendment's guarantee against unreasonable searches and seizures applies to excessive force claims brought by free citizens; *the Eighth Amendment's protection from cruel and unusual punishment applies to excessive force claims alleged by convicted persons*; and the Fourteenth Amendment's Due Process Clause applies to excessive force claims "[w]hen a citizen does not fall clearly within either category—e.g., pretrial detainees."

*Stewart v. City of Memphis*, No. 2:16-cv-02574-STA-dkv, 2017 WL 627467, at *5 (W.D. Tenn. Feb. 15, 2017) (internal citations omitted) (emphasis added).

The articulated standard defeats Plaintiff's argument. The Eighth Amendment applies only when a person, who was convicted at the time of the police conduct, asserts an excessive force claim. On October 26, 2018, Plaintiff was a free citizen. Further, Plaintiff claims to have been acquitted of the crime for which he was allegedly charged. Thus, the Eighth Amendment is not implicated. Plaintiff's Eighth Amendment claims are, therefore, **DISMISSED**.

### III. Fourteenth Amendment Claims

Plaintiff asserts that the Defendant Deputies violated both his Fourth and Fourteenth Amendments rights in several different ways on October 26, 2018. Plaintiff first claims that Defendants Deputy Jones and Deputy Mays committed a *Terry* violation when they unreasonably seized him. His second claim for relief is that the Defendant Deputies illegally arrested him. He then claims that the Defendant Deputies entered his land without a warrant, consent, or probable cause of any criminal activity or exigent circumstances. Plaintiff's finally alleges that the Defendant Deputies used excessive force on him.

Defendants argue that the Fourth Amendment is the proper textual source of constitutional protection for the rights Plaintiff alleges Defendants violated, and thus, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Graham v. Connor*, 490 U.S. 386, 395 (1989). Therefore, each Fourteenth Amendment claim should be dismissed.

Plaintiff argues that his Fourteenth Amendment claims are "fact-specific," and dismissal at this stage is premature. Plaintiff specifically argues that the Fourth Amendment might not be implicated in all excessive force cases, depending on the specific circumstances, so the Fourteenth Amendment could be pled as an alternative.

Plaintiff's arguments are not well-taken. The Supreme Court has consistently held that where "a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Unreasonable seizure, unlawful arrest, and warrantless entry are civil rights violations squarely protected by the Fourth Amendment. *See, e.g.*, *Stahl v. Coshocton Cnty.*, 754 F. App'x 335, 340 (6th Cir. 2018) (quoting *United States v. Abdi*, 463 F.3d 547, 557 (6th Cir. 2006)) (confirming that an "arrest without probable cause constitutes an unreasonable seizure in violation of the Fourth Amendment"); *Causey v. City of Bay City*, 442 F.3d 524, 528 (6th Cir. 2006) (discussing how the Fourth Amendment prohibits warrantless entry into a residence or its curtilage without consent or exigent circumstances). Contrary to his argument, Plaintiff does not plead any facts underlying his Fourteenth Amendment claims that

do not also support his Fourth Amendment claims. Therefore, these claims are properly analyzed solely under the Fourth Amendment.

Plaintiff's alternative argument for his excessive force claims is similarly unavailing. "A plaintiff's status at the time of the police conduct determines which amendment governs the claim." *Stewart*, 2017 WL 627467, at *5. "*[A]ll* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham*, 490 U.S. at 395 (emphasis in original). Plaintiff seems to argue that he may be considered something other than a free citizen at the time he alleges the deputies used excessive force on him. However, he has not pled any facts to support this assertion. On October 26, 2018, when Plaintiff alleges that the deputies arrested him using excessive force, Plaintiff was a free citizen. Thus, Plaintiff has not pled sufficient facts to support a Fourteenth Amendment claim for excessive force.

Therefore, Plaintiff's Fourteenth Amendment claims are **DISMISSED**.

## CONCLUSION

In sum, Defendant's Partial Motion to Dismiss is **GRANTED**. Plaintiff's claims against Defendant Sherriff John H. Mehr in his official capacity, Eighth Amendment claims, and Fourteenth Amendment claims are **DISMISSED**.

**IT IS SO ORDERED.**

                                              **s/ S. Thomas Anderson**
                                              S. THOMAS ANDERSON
                                              CHIEF UNITED STATES DISTRICT JUDGE

                                              Date: April 10, 2020.